**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   23-50046 |
| Plaintiff-Appellee, | D.C. No. 2:20-cr-00616-SVW-2 |
| JENNIFER ANN VANEGAS, AKA Mayra Ann Arce, AKA Valerie Flores, | |
| Defendant-Appellant. | MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted July 11, 2024[**]
Pasadena, California

Before:  IKUTA and NGUYEN, Circuit Judges, and BATTAGLIA,[***] District Judge.

Jennifer Vanegas appeals her conviction after a jury trial.  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Anthony J. Battaglia, United States District Judge for the Southern District of California, sitting by designation.

Vanegas contends that the district court abused its discretion by not granting Venegas's motion for a mistrial based on the prosecutor asking Inspector Granger, a government witness, improper questions about how identity thieves work together. Specifically, Vanegas argues that the line of questioning was inherently prejudicial because it "was for no other purpose than to confuse and distract the jury" and would lead jurors to believe she was guilty by "illicit association" with other occupants in the vehicle that she rented.

The government may introduce evidence that a defendant was engaged in a joint venture to support the conclusion that the defendant knowingly shared dominion and control over contraband, even if she was not charged with conspiracy. *See United States v. Dupuy*, 760 F.2d 1492, 1500 (9th Cir. 1985); *United States v. Chambers*, 918 F.2d 1455, 1457-58 (9th Cir. 1990) (finding that the government may demonstrate proof of possession by presenting evidence of constructive or joint possession, even when conspiracy is not charged). Here, the government's line of questioning, in response to defense cross-examination that distanced Vanegas from the contraband found in the vehicle, was permissible to show her possession of the contraband. Further, any prejudicial effect resulting from the questioning was cured by the district court's cautionary instruction that Vanegas was not charged with conspiracy and that her charges only related to how she helped Marquez. *See United States v. Gann*, 732 F.2d 714, 725 (9th Cir. 1984)

2

("A mistrial is appropriate only where a cautionary instruction is unlikely to cure the prejudicial impact of the error."). Vanegas did not rebut the presumption that the jury followed this instruction. *See Richardson v. Marsh*, 481 U.S. 200, 211 (1987).

Vanegas next argues that the evidence was insufficient to support her conviction on counts three and five, because the government failed to prove that her actions "affected interstate commerce."[1] We review de novo a motion for acquittal under Rule 29 of the Federal Rules of Criminal Procedure. *United States v. Boam*, 69 F.4th 601, 606 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 1345 (2024). We must determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Nevils*, 598 F.3d 1158, 1163-64 (9th Cir. 2010) (citation omitted). "Congress intended a broad jurisdictional base for federal prosecution of counterfeit credit card crimes." *United States v. Rushdan*, 870 F.2d 1509, 1514 (9th Cir. 1989).

We conclude that the government presented sufficient evidence for a rational

---

[1] Count three of the indictment alleged that defendants Marquez and Vanegas "each aiding and abetting the other, knowingly and with intent to defraud, possessed at least fifteen unauthorized access devices" affecting interstate and foreign commerce, in violation of 18 U.S.C. §§ 1029(a)(3) and 2(a). Count five alleged that defendants Marquez and Vanegas "each aiding and abetting the other, knowing and with intent to defraud, had control and custody of, and possessed device making equipment" affecting interstate and foreign commerce, in violation of 18 U.S.C. §§ 1029(a)(4) and 2(a).

jury to find that Vanegas's actions affected interstate commerce. The government showed that Vanegas possessed other people's bank statements with addresses outside of California, account numbers connected to out-of-state banks, and stolen pieces of mail. This evidence established that Vanegas's "aggregate" possession of these items had an effect on interstate commerce sufficient to support count three. *See United States v. Clayto*n, 108 F.3d 1114, 1118 (9th Cir. 1997); *Rushdan*, 870 F.2d at 1514 ("[I]llicit possession of out of state credit card account numbers is an 'offense affect[ing] interstate or foreign commerce' under 18 U.S.C. § 1029(a)."); *Fox v. Summit King Mines*, 143 F.2d 926, 929 (9th Cir. 1944) ("[I]t is well settled that transmission through the mails is interstate commerce.").

As to count five, the government presented evidence that the card-reader in Vanegas's possession was "made in China," and that it was used to fraudulently change credit card numbers that were connected to out-of-state banks, which was sufficient to show it "affects interstate commerce." *United States v. Dorsey*, 418 F.3d 1038, 1045 (9th Cir. 2005), *abrogated in part by Arizona v. Gant*, 556 U.S. 332 (2009); *Rushdan*, 870 F.2d at 1513.

**AFFIRMED**.

4